UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY DEEN, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY OF REDDING, et al.,<br><br>        Defendants. | Civ. No. S-13-1569 KJM CMK<br><br><br>ORDER |

        The motion to dismiss and motion for a more definite statement filed by defendants City of Redding, Paoletti, Poletski, Hebert, Garnero, Berg, and Bishop (collectively "defendants") is currently pending before the court. The court ordered the motion submitted on the pleadings and now GRANTS it in part and DENIES it in part.

I. BACKGROUND

        In the second amended complaint ("SAC") filed November 22, 2013, plaintiffs Kimberly Deen ("Deen"), individually and as successor in interest to the Estate of Scott Joseph Deen ("Estate"), and Sharon Knifton ("Knifton") individually and as representative of the Estate, allege that on June 22, 2012, Redding Police Officers Poletski, Hebert and/or Garnero accosted Scott Deen ("decedent") without probable cause and reasonable suspicion. SAC, ECF No. 18 ¶¶ 8, 17. These officers subjected decedent to physical force, including a take-down, kicks, knee strikes, and shots from a taser and a firearm. After decedent was shot in the back, he was

1

1  attacked by a police dog, handled by Redding Police Officer Berg.  *Id*. ¶ 19.  At the time the
2  officers used the deadly force, decedent was unarmed and posed no imminent threat of death or
3  serious injury to the officers or to anyone else.  *Id*. ¶ 22.
4         Neither Officers Bishop and Poltski, who were also on the scene, nor Garnero and
5  Hebert, summoned medical aid for decedent despite his serious injuries.  *Id*. ¶ 21.
6         Plaintiffs bring several claims under 42 U.S.C. § 1983 and several state law
7  claims:  (1) unreasonable search, seizure, detention and arrest in violation of the Fourth
8  Amendment against Poletski, Hebert, and Garner;  (2)  excessive force in violation of the Fourth
9  Amendment against defendants Poletski, Hebert, Garnero, and Berg; (3)  failure to summon
10 medical care in violation of the Fourth Amendment against Poletski, Hebert, Garnero, Berg, and
11 Bishop; (4) interference with familial relationship in violation of the Fourteenth Amendment;
12 (5) unconstitutional policies concerning excessive force in violation of the Fourth and Fourteenth
13 Amendment against the City of Redding; (6) failure to supervise and train officers in violation of
14 the Fourth and Fourteenth Amendments against the City of Redding and defendant Paoletti;
15 (7) wrongful death against all defendants; (8) battery against defendants City of Redding,
16 Poletski, Hebert, Garnero and Berg; and (9) negligence against all defendants.
17        Defendants seek to dismiss Deen as a plaintiff from the first, second, third, eighth
18 and ninth claims, which they characterize as the survival claims; to dismiss Knifton as a plaintiff
19 from the seventh claim, the wrongful death claim; to dismiss the wrongful death damages from
20 the first, second, third, eighth and ninth claims; and to dismiss the seventh, eighth, and ninth
21 claims for failure to comply with California's Tort Claims Act.  They also move for a more
22 definite statement as to the fifth and sixth claims for relief.
23 II. REQUEST FOR JUDICIAL NOTICE
24        Defendants ask the court to take judicial notice of the City of Redding's Notice of
25 Denial of Deen's claim and the proof of service of the denial, along with declarations from Chris
26 Carmona and Arlene Robinson authenticating the denial of the claim and its attached proof of
27 service. Request for Judicial Notice, ECF No. 19-2.  Plaintiffs object to the request, arguing the
28 /////

2

1  denial letter and proof of service are not matters of public record and the facts stated in the
2  documents are subject to dispute, among other things.

3  Under Rule 201 of the Federal Rules of Evidence, a court may take judicial notice
4  of an adjudicative fact, which "must be one not subject to reasonable dispute in that it is either
5  (1) generally known . . . (2) or capable of accurate and ready determination by resort to sources
6  whose accuracy cannot reasonably be questioned." *Hurd v. Garcia*, 454 F.Supp.2d 1032, 1054
7  55 (S.D. Cal. 2006). "The party requesting judicial notice bears the burden of persuading the
8  court that the particular fact is not reasonably subject to dispute and is capable of immediate and
9  accurate determination by resort to a source 'whose accuracy cannot be questioned.'" *Newman v.*
10 *San Joaquin Delta Cmty. Coll. Dist.*, 272 F.R.D. 505, 516 (E.D. Cal. 2011) (internal citation
11 omitted).

12 Some courts have taken judicial notice of claims and their rejection on the ground
13 such documents are public records recounting facts capable of ready determination by turning to
14 sources whose accuracy cannot be questioned. *See, e.g., Clarke v. Upton*, 703 F. Supp. 2d. 1037,
15 1042 (E.D. Cal. 2010); *Elliott v. Amador Cnty. Unified Sch. Dist.*, No. 2:12-cv-0117 MCE DAD,
16 2012 WL 5013288, at *7 (E.D. Cal. Oct. 17, 2012); *Strickland v. Los Angeles Sw. Police Dep't*,
17 No. CV 10-2973-SJO (PLA), 2010 WL 3655674, at *2 (C.D. Cal. Sep. 7, 2010), *report and*
18 *recommendation adopted by* 2010 WL 3655671 (C.D. Cal. Sept. 9, 2010). There is no indication
19 that the plaintiffs in either *Clarke* or *Elliott* opposed the request for judicial notice; the plaintiff in
20 *Strickland* did not dispute the authenticity of the proffered documents.

21 Defendants have cited other cases where courts granted judicial notice of
22 documents issued during government claims procedures. In none of those cases, however, did the
23 plaintiffs challenge the authenticity or argue the records were subject to dispute. *Pullman v.*
24 *Schwarzenegger*, No. 11–CV–202 JLS (BLM), 2011 WL 6396631, at *3 (S.D. Cal. Dec. 20,
25 2011) (taking judicial notice when plaintiff did not dispute the authenticity of documents and
26 cited to them); *see also Asberry v. Cate*, No. 2:11–cv–2462 KJM KJN P, 2013 WL 876289, at
27 *19 (E.D. Cal. Mar. 7, 2013), *report and recommendation adopted by* 2013 WL 4647975 (E.D.
28 Cal. Aug. 29, 2013) (taking judicial notice of claim form without mentioning whether plaintiff

3

1  opposed the request); *Huckabee v. Med. Staff at CSATF*, No. 1:09–cv–00749–LJO–BAM
2  PC, 2013 WL 4496552, at *7, n.2 (E.D. Cal. Aug 21, 2013) *report and recommendation rejected*
3  *in part on other grounds*, 2013 WL 6491383 (E.D. Cal. Dec. 10, 2013) (same); *Martinez v.*
4  *Tilton*, No. 1:10-cv–01501–SKO PC, 2013 WL 5670869, at *3, n.9 (E.D. Cal. Oct. 16, 2013)
5  (same).

6  The Ninth Circuit has said that "[a] court may take judicial notice of matters of
7  public record . . . as long as the facts noticed are not subject to reasonable dispute." *Intri-Plex*
8  *Tech., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (internal citation & quotation
9  omitted); *see also Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (refusing to take
10 judicial notice of portions of a deposition because "[t]he accuracy of the deposition excerpts,
11 which were never before the district court, could be subject to reasonable dispute").  The Seventh
12 Circuit has observed, perceptively, that a fact cannot be indisputable when a party disputes it.
13 *Doss v. Clearwater Title Co.*, 551 F.3d 634, 640 (7th Cir. 2008) (finding the district court erred in
14 taking judicial notice of a deed when plaintiff claimed it was a forgery).   In this case, plaintiffs
15 argue the accuracy of the proof of service might be subject to reasonable dispute through an
16 exploration of Robinson's compliance with the usual procedures of the City Attorney's Office.
17 ECF No. 21 at 4.

18 In reply, defendants argue that judicial notice is appropriate because for notices
19 under the Government Claims Act "proof of mailing may be made in the manner prescribed by
20 Section 1013a of the Code of Civil Procedure" and the proof of service in this case complies with
21 this section.  ECF No. 22-1.  While this general proposition of law appears to be correct, the cases
22 that accept compliant proofs of service to establish that rejections were mailed do so on summary
23 judgment, after discovery.  *See, e.g.*, *Him v. City & Cnty. of San Francisco*, 133 Cal. App. 4th
24 437, 444 (2005); *Katelaris v. Cnty. of Orange*, 92 Cal. App. 4th 1211, 1216 (2001).

25 Given plaintiff's challenge, the court denies the request for judicial notice.
26 /////
27 /////
28 /////

4

III.  MOTION TO DISMISS

    A.  Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) quoted in Twombly, 550 U.S. at 555, nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001). A court's consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United*

5

*States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); Parks Sch. of Bus. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. Cable News Network, Inc*., 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

### B. Deen As Plaintiff

Defendants allege Deen, decedent's mother, is not a proper plaintiff for the survival claims, numbered one, two, three, eight and nine, because she has no standing to recover survival damages. ECF No. 19-1 at 4-5. Plaintiffs say they have clearly pleaded Deen, who is decedent's successor in interest, as an alternative to Knifton, who is decedent's personal representative. They also contend they will withdraw Deen from these claims in her representative capacity but will seek leave to have her reinstated if Knifton becomes unable to serve. ECF No. 20 at 11-12. Defendants counter that if Knifton is later unable to continue as decedent's personal representative, Deen may seek substitution under Rule 25 of the Federal Rules of Civil Procedure. ECF No. 22 at 3.

Survivors of a person killed by police officers may bring a Fourth Amendment excessive force claim on the decedent's behalf under 42 U.S.C. § 1983 if state law authorizes such an action. *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998). Under California law, "a survivor cause of action is not a new cause of action that vests in the heirs on the death of the decedent. It is instead a separate and distinct cause of action which belonged to the decedent but, by statute, survives that event." *Quiroz v. Seventh Ave. Ctr*., 140 Cal. App. 4th 1256, 1264 (2006); CAL. CIV. PROC. CODE § 377.20(a) ("Except as otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period."). "The party seeking to bring a survival action bears the burden of demonstrating that . . . the plaintiff meets that state's requirements for bringing a survival action." *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1228-29 (9th Cir. 2013).

/////

/////

6

Defendants do not dispute that the three Fourth Amendment claims along with the battery and negligence claims survive decedent's death.  They do argue, however, that Deen does not have standing to bring the claims.

Section 377.30 of the Code of Civil Procedure provides:  "A cause of action that survives the death of a person entitled to commence an action or proceeding passes to the decedent's successor in interest . . ., and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest."  Plaintiffs have not cited any case law authorizing both the personal representative and the successor in interest to be joint plaintiffs in a survival action nor has Deen shown she has met the requirements for pursuing a survival action as a successor in interest.  *Hayes*, 736 F.3d at 1229; CAL. CIV. PROC. CODE § 377.32(a).   Deen is dismissed as a plaintiff from claims one, two, three, eight and nine.

C.  Knifton as Plaintiff

Defendants argue that Knifton has no standing to pursue a wrongful death cause of action and so must be dismissed from the seventh claim. ECF No. 19-1.  Plaintiffs counter that Knifton, as decedent's personal representative, may pursue the action on behalf of Deen, who is decedent's heir. ECF No. 20 at 12-13.

In California, a wrongful death claim arises solely from statute and is designed "to compensate specified persons—heirs—for the loss of companionship and for other losses suffered as a result of a decedent's death." *Quiroz*, 140 Cal. App. 4th at 1263; *Medrano v. Kern Cnty. Sheriff's Officer*, 921 F. Supp. 2d 1009, 1017 (E.D. Cal. 2013) ("In California, the cause of action for wrongful death is a pure creature of the statute and exists only so far and in favor of such person as the legislative power may declare.") (internal citation & quotation marks omitted). The statute limits recovery to a decedent's heirs, who are presumed to have been damaged by the death, and "bars claims by persons who are not in the chain of intestate succession." *Id*. at 1263. Under section 377.60(a) of the Code of Civil Procedure, a wrongful death claim may be asserted by "the persons . . . who would be entitled to the property of the decedent by intestate succession"

1  if there is no spouse or children, or by the decedent's personal representative on behalf of the
2  heirs. CAL. CIV. PROC. CODE § 377.60(a).  Under section 6402(b) & (c) of the Probate Code the
3  estate of a decedent who leaves neither spouse nor children passes to the decedent's parents and
4  only if there are no surviving children or parents will the estate pass to a grandparent. CAL.
5  PROBATE CODE § 6402(b), (c); *Scott v. Thompson*, 184 Cal. App. 4th 1506, 1512 (2010).

6  Plaintiffs argue Knifton is pursuing the wrongful death action on Deen's behalf as
7  decedent's personal representative, not individually, even though Deen is also named in this claim
8  as seeking wrongful death damages. ECF No. 20 at 13.  However, "[e]ither the decedent's
9  personal representative on behalf of the heirs or the specified heirs . . . may assert the wrongful
10  death claim—but not both." *Adams v. Superior Ct.*, 196 Cal. App. 4th 71, 77 (2011); *see also*
11  *Duenez v. City of Manteca*, No. CIV. S–11–1820 LKK/KJN, 2011 WL 5118912, at *6 (E.D. Cal.
12  Oct. 27 2011).

13  Defendants' motion to dismiss Knifton as a plaintiff in the wrongful death claim,
14  claim seven, is granted.

15  D.  Wrongful Death Damages

16  Defendants argue plaintiffs cannot seek wrongful death damages as part of their
17  claim for relief in claims one, two, three, eight and nine. In their opposition, plaintiffs agree their
18  request for wrongful death damages under the first and third claims should be dismissed, but they
19  argue Deen should be able to pursue wrongful death damages stemming from the excessive force,
20  battery and negligence that caused the death of her son. Opp'n, ECF No. 20 at 7.

21  "The term 'wrongful death' is not used in the statutes defining a survivor action,
22  but is reserved exclusively to refer to the independent actions of the decedent's heirs for their own
23  injuries." *Ruiz v. Podolsky*, 50 Cal. 4th 838, 850 n.3 (2010). "'The elements of the cause of
24  action for wrongful death are the tort (negligence or other wrongful act), the resulting death, and
25  the damages, consisting of the *pecuniary loss* suffered by the *heirs*." *Quiroz*, 140 Cal. App. 4th at
26  1263 (quoting 5 WITKIN, CAL. PROCEDURE (4th ed. 1997) Pleading, § 891, at 350) (emphasis in
27  original). In a wrongful death action, an heir seeks damages "in the nature of compensation for
28  personal injury to the heir" and those damages "'are expressly limited to those *not* recoverable in

8

a survival action. . . ." *Id*. (quoting *Wilson v. John Crane, Inc*., 81 Cal. App. 4th 847, 861 (2000)) (emphasis in original).  In this case, the injuries from the excessive force, battery, and negligence are decedent's, not Deen's or Knifton's, and so do not give rise to wrongful death damages.

Plaintiffs cite to *Beets v. County of Los Angeles*, 200 Cal. App. 4th 916 (2011), describing it as "reversal of judgment entered against plaintiffs who had filed section 1983 claims and wrongful death action based on battery and negligence for the death of their son by police." ECF No. 20 at 16.  The nature of the action was not central to the resolution of that case, however, which was based on an improper application of collateral estoppel.  And while the court did mention the nature of the action as a wrongful death action based on battery and negligence, this reference does not support plaintiffs' argument.  *Id*. at 922, 928.  Plaintiffs also cite *Wright v. City of Los Angeles*, 219 Cal. App. 3d 318, 344 (1990), which discusses a jury verdict on a claim of "wrongful death resulting from negligence."  Neither *Beets* nor *Wright* holds that wrongful death damages may be grafted onto a survival claim; all they show is that courts have mentioned battery or negligence as the tort or torts upon which a wrongful death action is based.  Plaintiffs have not rebutted defendants' showing that wrongful death damages are not properly claimed in survival actions.

E.  Compliance with the Government Claims Act

Defendants argue that Knifton and Deen may not pursue the seventh, eighth and ninth causes of action because Deen's claim was rejected on January 7, 2013, which triggered a six month window in which to bring the state claims.  They note Knifton filed a personnel complaint with the Redding Police Department, but argue whether this would satisfy the statute "is not presented because there was an actual Government Claim filed and properly submitted to the City. . . ."  ECF No. 19-1 at 11.  Not until the reply do defendants argue that Knifton's personnel complaint does not qualify as a government claim.  The court declines to consider this argument, raised for the first time in the reply.  *See, e.g., Mitchell v. Cate*, No. 2:08–CV–01196, 2014 WL 546338, at *30 (E.D. Cal. Feb. 11, 2014).

Plaintiffs contend the action is timely because the agencies refused to act on their claims, both filed on December 20, 2012.

9

Under California's Government Claims Act, CAL. GOV'T CODE §§ 810, *et seq.*, before a person may seek money damages against a public entity or employee for personal injury or property damage, she must present claims within six months of accrual of the claims and must wait to file an action until the claim has been rejected or deemed to have been rejected. *DiCampli-Mintz v. Cnty. of Santa Clara*, 55 Cal. 4th 983, 989-90 (2012); *Congdon v. Lenke*, No. CIV 08-1065 RJB, 2010 WL 489677, at *9 (E.D. Cal. Feb. 5, 2010). Failure to present a timely claim to the public entity "bars a plaintiff from filing a lawsuit against that entity," whether that suit is filed in state or federal court. *DiCampli-Mintz*, 55 Cal. 4th at 989; *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1152 (E.D. Cal. 2009).

Once a claim is timely filed, the public entity has forty-five (45) days to accept or reject the claim. CAL. GOV'T CODE § 912.4. The party then has six months to initiate litigation against the entity following written notice of rejection of his or her claim. *Id*. § 945.6(a)(1). If the entity "fails or refuses to act within [45 days], the claim shall be deemed to have been rejected ...." on the last day the entity was required to act. *Id. §* 912.4. If no written notice is given to the party of the entity's rejection of the claim, the party must file an action with the court "within two years from the accrual of the cause of action." *Id*. § 945.6(b).

According to the complaint, the agencies refused to respond to plaintiffs' claims and so they were deemed to have been rejected forty-five days later, on February 4, 2013. The original complaint, filed July 31, 2013, was timely.

IV. MOTION FOR A MORE DEFINITE STATEMENT

A defendant may move for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure when the complaint is "so vague or ambiguous defendants cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Cellars v. Pac. Coast Packaging, Inc.,* 189 F.R.D. 575, 578 (N.D. Cal.1999). Such a motion attacks "the unintelligibility of the complaint, not simply the mere lack of detail[.]" *Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005).

Defendants seek a more definite statement as to claims five and six, contending these claims seek relief for violations of the Fourth and Fourteenth Amendments, which are really

separate claims. They have cited no authority that permits them to use a Rule 12(e) motion to compel plaintiffs to elect or explain the legal theories underlying their claims. *See Banks ex rel. Banks v. Modesto City Sch. Dist.*, No. CV F 04-6284 REC SMS, 2005 WL 2233213, at *12 (E.D. Cal. Sept. 9, 2005) (rejecting use of 12(e) motion to compel plaintiff to specify which portions of various amendments applied to factual allegations).

IT IS THEREFORE ORDERED that:

1. Defendant's motion to dismiss is granted in part as follows:

   a. Deen is dismissed as a plaintiff from claims one, two, three, eight and nine;

   b. Knifton is dismissed as a plaintiff from claim seven;

   c. Damages for wrongful death are dismissed from claims one, two, three, eight and nine;

2. The motion to dismiss is denied in all other respects;

3. The motion for a more definite statement is denied; and

4. The third amended complaint is due within twenty-one days of the date of this order.

DATED: April 10, 2014.

_____
UNITED STATES DISTRICT JUDGE