UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY DEEN, SHARON KNIFTON, | Civ. No. 2:13-cv-01569-KJM-CMK |
| Plaintiffs, | |
| v. | ORDER |
| CITY OF REDDING, et al., | |
| Defendants. | |

On July 16, 2015, the court conducted a final pretrial conference. Dale Galipo and Vicki Sarmiento appeared for plaintiffs; Gary Brickwood appeared for defendants.[1]

After hearing, and good cause appearing, the court makes the following findings and orders:

<u>JOINT STATEMENT OF THE CASE</u>

This is a civil rights case. Plaintiffs Sharon Knifton and Kimberly Deen allege that the City of Redding Police Department and individual officers Jon Poletski, Robert Garnero, Jared Hebert and Brian Berg unlawfully seized Scott Deen and used excessive force against him that resulted in his death. The City of Redding and the individual officers contend that the use of lethal force was reasonable and necessary under the circumstances and deny any wrongful

---

[1] Erin Stagg, Mr. Brickwood's colleague, observed from counsel's table but did not formally appear.

1

conduct toward decedent.  Plaintiffs seek damages on behalf of Scott Deen's estate for injuries and pain and suffering they allege he sustained prior to his death.  Plaintiffs also seek damages in the form of wrongful death damages for the loss of their familial relationship with him.

JURISDICTION/VENUE

Jurisdiction is predicated on 28 U.S.C. §§ 1331, 1343, and 1367.  Jurisdiction and venue are not contested.

JURY/NON-JURY

The parties request a jury trial.  They agree to eight jurors.

CLAIMS TO BE TRIED

The following claims will be tried to the jury: Fourth Amendment claims (claims 1-3; detention and arrest, excessive force, and failure to summon medical care), and the Fourteenth Amendment substantive due process claim (claim 4; interference with familial relationship).  Depending on the outcome of the summary judgment motion, Sharon Knifton's state law claims of wrongful death, battery, and negligence (claims 7-9) may also be tried to the jury.

As will be confirmed in a forthcoming order, the court is granting summary judgment in favor of defendants on plaintiff Deen's seventh, eighth, and ninth claims, respectively, of wrongful death against all defendants; battery against the City of Redding, Corporal Poletski, Officer Hebert, Officer Garnero and Officer Berg; and negligence against all defendants.  Defendants' summary judgment motion on the seventh, eighth and ninth claims of Sharon Knifton is pending, with supplemental briefing due by July 29, 2015.  At the final pretrial conference, plaintiffs confirmed they are dismissing their fifth and sixth claims for municipal liability and supervisorial liability.

UNDISPUTED FACTS

A. At all relevant times, defendants Poletski, Hebert, Garnero and Berg were law enforcement officers employed by the City of Redding and were acting within the course and scope of their employment and under color of state law.

B. The events giving rise to this action occurred on June 22, 2012 in the 8400 block of Valley View Drive in the City of Redding.

    C. Defendant law enforcement officers Poletski, Hebert and Garnero were in the 8400 block of Valley View Drive when they contacted decedent Scott Deen.

    D. Defendant Officer Hebert made the initial contact with decedent Scott Deen.

    E. Corporal Poletski fired two rounds, one of which struck decedent.

    F. Scott Deen died from a single gunshot wound to the back.

<u>DISPUTED FACTUAL ISSUES</u>

<u>Disputed Factual Issues Identified by Plaintiffs</u>:

1. Whether Officer Hebert had reasonable suspicion to detain decedent as he did not match the description of the reported "suspicious person."
2. Whether the take-down of Scott Deen exceeded the permissible scope of an investigatory stop.
3. Whether Mr. Deen's movements while he was prone on the ground were in response to the kicks and knee strikes by Officer Hebert, Officer Garnero, and Corporal Poletski who were piled on top of him, or whether Mr. Deen was resisting arrest.
4. Whether the use of a taser in the drive-stun mode by Officer Hebert was excessive or unreasonable under the circumstances.
5. Whether Mr. Deen had a knife at the time of the shooting.
6. Whether shooting Mr. Deen in the back while Officer Garnero had Mr. Deen in a Nelson hold was excessive or unreasonable.
7. Whether sending a K-9 to bite Mr. Deen after he had been shot was excessive or unreasonable use of force.
8. Whether the delay in providing access to paramedics to treat Mr. Deen after he was shot was an unreasonable denial of medical care.

<u>Disputed Factual Issues Identified by Defendants (By Claim)</u>:

    A. Fourth Amendment Claims - First, Second and Third Claims for Relief: Unreasonable Detention and Arrest; Excessive Force; Failure to Summon Medical Care

        1. Whether the individual defendant officers' use of force was reasonable under the totality of the circumstances.

3

    2. Whether, under the totality of the circumstances, the individual defendant officers left decedent without medical aid or assistance for an unreasonable period of time.

    3. Whether decedent was injured as a result of an unreasonable use of force.

    4. Whether decedent was injured as a result of unreasonable delay in receiving medical care.

    5. The extent of any such injuries.

    6. The damages suffered by decedent.

B. Fourteenth Amendment Substantive Due Process Claims – Fourth Claim for Relief: Interference with Familial Relationships

    1. Whether the individual defendant officers acted with deliberate indifference or reckless disregard with a purpose to harm unrelated to legitimate law enforcement objectives.

    2. Whether plaintiffs Sharon Knifton and Kimberly Deen were injured as a result of defendant officers' deliberate indifference or reckless disregard.

    3. The damages suffered by plaintiffs.

C. Seventh Claim for Relief: Wrongful Death (Sharon Knifton, unless summary judgment granted)

    1. Whether any of the individual defendant officers failed to use reasonable care to prevent harm to oneself or to others.

    2. Whether the individual defendant officers' negligence, if any, caused injury to plaintiff Sharon Knifton.

    3. The damages suffered by plaintiff Sharon Knifton.

D. Eighth and Ninth Claims for Relief: Battery and Negligence (unless summary judgment granted)

    1. Whether any of the individual defendant officers used unreasonable force against decedent.

    2. Whether the use of unreasonable force against decedent caused any injuries.

    3. The extent of any such injuries.

        4. The damages suffered by decedent.

   E. State Law Affirmative Defenses and Immunities

        1. Whether decedent was comparatively at fault.

        2. Whether under California Penal Code §§ 835 and 835a, the defendant officers used reasonable force to effect an arrest, prevent an escape or overcome resistance.

        3. Whether the defendant officers reasonably feared for their safety or that of others, a question of fact.  (If the jury decides this fact in favor of defendants, the court will determine their eligibility for immunity under California Government Code § 820.4, a question of law.)

        4. Whether, under California Penal Code § 834a, decedent had knowledge that he was subject to arrest and was obligated to submit to an arrest and failed to do so.

   F. Punitive Damages

        1. Whether any individual defendant officers acted with malice, oppression, or reckless disregard of decedent's rights to justify an award of punitive damages.

        2. The amount of punitive damages, if any.[2]

SPECIAL FACTUAL INFORMATION

   A. This lawsuit arises out of the alleged excessive force and alleged unlawful shooting of decedent by certain law enforcement officers of the Redding Police Department.  The preshooting contact and shooting occurred on June 22, 2012 in the City of Redding, California.

   B. Decedent Scott Deen was 19 years old at the time of the incident.  Decedent's mother Kimberly Deen is presently 40 years old, and his grandmother Sharon Knifton is 60 years old.

   C. Decedent had and has no dependents, before or after death.

DISPUTED EVIDENTIARY ISSUES

   A. Evidentiary Issues Raised by Plaintiffs' Motions in Limine:

---

[2] Defendants also identify qualified immunity as a question of fact, but the court considers it a matter of law.

A. (continued)

1. The admissibility of facts not known to the defendant officers at the time of their contact with decedent, including decedent's prior criminal history, any mental health issues, and decedent's "homeless" status.
2. The admissibility of the defendant officers' state of mind and/or their subjective fear during their contact with decedent.
3. The admissibility of evidence regarding decedent's drug use, including the post-mortem toxicology results, and the testimony of defense toxicology expert Barry Gustin.
4. The admissibility of evidence regarding Kimberly Deen's alleged drug use, her relationships with different men, the whereabouts of her other children, or other character evidence.

B. Evidentiary Issues Identified by Defendants to be Addressed in Motions in Limine:

1. The admissibility of testimony from plaintiff's expert Roger Clark.
2. The number of crime scene photos and autopsy photos of decedent to be admitted.
3. The admissibility of evidence of or reference to any other officer-involved shooting incident.
4. The admissibility of an outstanding arrest warrant for decedent from the State of Montana at the time of the incident.
5. The admissibility of evidence of the deceased's life situation and his relationship with plaintiffs Kimberly Deen and Sharon Knifton as it relates to damages claimed by Ms. Deen and Ms. Knifton.

The schedule for hearing motions in limine is set out below. *See* pages 9-10 *infra*.

STIPULATIONS/AGREED STATEMENTS

The parties stipulate that the defendant officers were acting under color of law and were acting in the course and scope of their employment with the City of Redding at the time of the incident.

The parties do not seek presentation of evidence by an agreed statement.

/////

RELIEF SOUGHT

Plaintiffs' third amended complaint seeks: compensatory damages, including both survival damages and wrongful death damages under federal and state law; funeral and burial expenses; punitive damages against the individual defendants; costs; and, reasonable attorneys' fees as to all federal claims. With respect to survival damages, plaintiffs contend that decedent's estate is entitled to recover damages for decedent's pain and suffering prior to and up to the time of his death.

POINTS OF LAW

The parties shall alert the court to disputes about the applicable law and legal standards. Trial briefs addressing these points more completely and in accordance with Local Rule 285 shall be filed with this court no later than **seven days** prior to the date of trial.

DISMISSALS/ABANDONED ISSUES

Plaintiffs have dismissed defendants Chief Robert F. Paoletti and Officer Harry E. Bishop, IV. At the pretrial conference, as noted, plaintiffs dismissed their fifth claim for municipal liability and their sixth claim for supervisorial liability.

WITNESSES

Each party may call any witnesses designated by the other. Plaintiffs' witnesses are identified in Exhibit 1, attached hereto and incorporated herein. Defendants' witnesses are identified in Exhibit 2, attached hereto and incorporated herein.

    A.    The court will not permit any other witness to testify unless:

        1. The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

        2. The witness was discovered after the pretrial conference and the proffering party makes the showing required in "B," below.

    B.    Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial.

The witnesses will not be permitted unless:

1. The witness could not reasonably have been discovered prior to the discovery cutoff;
2. The court and opposing parties were promptly notified upon discovery of the witness;
3. If time permitted, the party proffered the witness for deposition; and
4. If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

<u>EXHIBITS, SCHEDULES AND SUMMARIES</u>

Plaintiffs' exhibits are identified on Exhibit 3, incorporated herein. At trial, plaintiffs' exhibits shall be listed numerically.

Defendants' exhibits are identified on Exhibit 4, incorporated herein.  At trial, defendant's exhibits shall be listed alphabetically.

The court encourages the parties to generate a joint exhibit list to the extent possible. Joint Exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2.

All exhibits must be premarked.

The parties must prepare exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above.  Each binder shall have an identification label on the front and spine.

The parties must exchange exhibits no later than **fourteen days** before trial.  Any objections to exhibits are due no later than **seven days** before trial.

A. The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

1. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or
2. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.

/////

B. Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

1. The exhibits could not reasonably have been discovered earlier;
2. The court and the opposing parties were promptly informed of their existence;
3. The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party.  If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

DEPOSITION TRANSCRIPTS

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than **seven** days before trial.   Defendants do not anticipate seeking introduction of depositions, answers to interrogatories or responses to request for admission other than to impeach a witness or in the event that a witness becomes unavailable for trial.

FURTHER DISCOVERY OR MOTION PRACTICE

Neither party requests the re-opening of discovery.

Defendants' motion for partial summary judgment on plaintiffs' state law claims is currently pending before the court, and an order will be issued shortly.  As noted above, the court informed the parties at the conference that it intends to grant summary judgment to defendants as to plaintiff Deen's claims 7, 8 and 9.  The court requested further short briefing on Knifton's claims 7, 8 and 9, due no later than **July 29, 2015**.  *See* Minute Order, ECF No. 75.

MOTIONS IN LIMINE

The court will hear motions in limine on August 10, 2015, the morning of trial.  Plaintiffs have filed the following motions in limine, seeking specifically to exclude:

1. Facts not known to defendant-officers at the time of their contact and interaction with the decedent, including his prior criminal history, his alleged homeless status, his

9

alleged prior mental health issues, problems controlling his anger, association with a group known as "Insane Clown Posse" or the "Juggalos" and that decedent was in the vicinity of the incident to siphon gas.  Mot. in Limine #1, ECF No. 67.

2. Evidence regarding the defendant-officers' subjective states of mind as related to plaintiffs' excessive force claim. Mot. in Limine #2, ECF No. 68.

3. Results of the toxicology test performed at the autopsy, as well as testimony by defendants' expert Dr. Barry E. Guston about the results.  Mot. in Limine #3, ECF No. 70.

4. Evidence about plaintiff Kimberly Deen's character, specifically regarding her alleged drug use, transient lifestyle, her relationship with other men, and/or the whereabouts of her other children.  Mot. in Limine #4, ECF No. 69.

Opposition to these motions is due no later than **July 29, 2015**, and any reply is due no later than **August 5, 2015**.

Defendants' motions in limine, if any, shall be filed no later than **July 29, 2015**, with oppositions due no later than **August 5, 2015**.

The court will decide any motion based upon the record before it at the time.  Each ruling will be made without prejudice and is subject to proper renewal, in whole or in part, during trial. If a party wishes to contest a pretrial ruling, it must do so through a proper motion or objection, or otherwise forfeit appeal on such grounds. *See* Fed. R. Evid. 103(a); *Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 689 (9th Cir. 2001) ("Where a district court makes a tentative in limine ruling excluding evidence, the exclusion of that evidence may only be challenged on appeal if the aggrieved party attempts to offer such evidence at trial.") (alteration, citation and quotation omitted).  In addition, if any challenges to expert testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993) are denied without prejudice, and a party wishes to renew a *Daubert* challenge at trial, it should alert the court, at which point the court may grant limited voir dire before such expert may be called to testify.

/////

/////

SEPARATE TRIAL OF ISSUES

Defendants request bifurcation of the determination of an amount of punitive damages, if any. Plaintiffs agree to bifurcation of punitive damages, but request that predicate questions regarding punitive damages be included in the first phase verdict form. The court indicated it is not inclined to bifurcate the trial but is willing to hear additional argument on the issue on the first day of trial.

IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

The parties do not request appointment of an impartial expert.

ATTORNEYS' FEES

Plaintiffs will seek attorneys' fees as to all federal claims under 42 U.S.C. § 1988 and Local Rule 293 after the entry of judgment pursuant to regularly noticed motion. Defendants reserve the right to seek costs and attorneys' fees pursuant to 42 U.S.C. § 1988 and Local Rule 293.

ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is set for **August 10, 2015 at 9:00 a.m.** in Courtroom Three before the Honorable Kimberly J. Mueller. Trial is anticipated to last 5 to 7 days. The parties are directed to Judge Mueller's default trial schedule outlined at the "important information" link located on her web page on the court's website. A proposed detailed schedule tailored to this case will be provided on the first day of trial.

PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS

The parties shall file any proposed jury voir dire **seven days** before trial. Each party will be limited to fifteen minutes of jury voir dire.

The court directs counsel to meet and confer in an attempt to generate a joint set of final jury instructions and verdicts. The parties shall file any such joint set of instructions no later than **noon on August 7, 2015**, identified as "Jury Instructions and Verdicts Without Objection." To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are also due no later than **noon on August 7, 2015**.

/////

11

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a word document to kjmorders@caed.uscourts.gov; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions may be raised or submitted on the **first day of trial**; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority.   When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

MISCELLANEOUS

Trial briefs are due **seven days** before trial.

SETTLEMENT

The parties participated in a settlement conference before Magistrate Judge Kendall J. Newman on April 14, 2015.  The case did not settle.  The parties do not request an additional settlement conference.

OBJECTIONS TO PRETRIAL ORDER

Each party is granted **seven days** from the date of this order to file objections to the same. If no objections are filed, the order will become final without further order of this court.

DATED: July 22, 2015.

_____
UNITED STATES DISTRICT JUDGE

EXHIBIT 1: PLAINTIFFS' WITNESS LIST

1. Kimberly Deen
2. Sharon Knifton
3. Jon Poletski
4. Jared Hebert
5. Robert Garnero
6. Brian Berg
7. Harry Bishop
8. Joanna Bland
9. Samantha Cheney
10. Peggy Porter
11. Butch Brown
12. Jeremy Hester
13. Logan Stonehouse
14. Jeff Wallace
15. Eric Niver
16. David Mailloux
17. Robert Goucher
18. Roger Clark
19. Susan Comfort, M.D.


Case 2:13-cv-01569-KJM-CMK   Document 76   Filed 07/23/15   Page 14 of 18

EXHIBIT 2: DEFENDANTS' PROPOSED WITNESS LIST

City of Redding Police Department

1. Jon Poletski
2. Brian Berg
3. Robert Garnero
4. Jared Hebert
5. Rusty Bishop
6. Greg Wilkes
7. Will Williams
8. Ronald Icely
9. Aaron Holdeman
10. Tracy Beaupre
11. Joseph Labbe
12. Levi Solada
13. Peggy Porter
14. Jeff Wallace
15. Joanna Bland
16. Michael Darling

Shasta County Sheriff's Department

17. Logan Stonehouse
18. Jeff Foster
19. Darlene Perea
20. Samantha Cheney
21. Lisa Lozada
22. Gene Randall
23. Pat Kropholler
24. Nick Thompson
25. William Gardner

1.     26. Mark Halsam
2.     27. James Beaupre
3.     28. Ben Estill
4. Shasta County District Attorney's Office
5.     29. Randy Knox
6.     30. Bob Angulo
7. Percipient Witnesses
8.     31. Robert Goucher
9.     32. David Mailloux
10.     33. Brian Gillette
11.     34. Kimberly Deen
12.     35. Paul Gerhard
13. Medical Personnel
14.     36. Paramedic Jeremy Hester
15.     37. EMT Gregory Hermann
16.     38. Gregory Hartt,M.D.
17.     39. John Richey, Redding Fire Department
18.     40. Ross McFaull, Redding Fire Department
19. Shasta County Coroner's Office
20.     41. Teri Veazey
21.     42. Susan Comfort, M.D. Toxicology
22. Toxicology
23.     43. Bill Posey
24. Retained Experts
25.     44. Scott Seaman
26.     45. Jaco Swanepoel
27.     46. Barry E. Gustin, M.D
28.

EXHIBIT 3: PLAINTIFFS' EXHIBIT LIST

1. Photos of Decedent Before the Incident
2. Photos of Decedent with Family Before the Incident
3. Photos of Decedent After the Incident
4. Autopsy Photos
5. Autopsy Report
6. Funeral and Burial Expenses
7. Death Certificate
8. Photos of the Scene
9. Photos of decedent at the Scene
10. Photos of the Knife w/Evidence Marker
11. Photos of blood evidence at the ccene
12. Photos of patrol vehicles at the scene
13. Photos of bullet strikes of patrol vehicle
14. Radio Dispatch
15. Diagrams of the Scene
16. Initial Police Reports re Incident (I.D. only)
17. Supplemental Police Reports re Incident (I.D. only)
18. Supplemental Report by Ronald Icely, Jr. re Taser download (I.D. only)
19. Taser Download (print out)
20. Investigation Report by Samantha Cheney
21. Crime Scene Log
22. Diagrams of location of body
23. Audio Interview of Jon Poletski and transcript
24. Audio interview of Jared Hebert and transcript
25. Audio interview of Robert Garnero and transcript
26. Transcribed Statement of Brian Berg
27. Exhibit 2A of Jared Hebert's Deposition

28. Exhibits 1-13 of Jon Poletski's Deposition
29. David Mailloux hand written map of scene
30. Audio interview of David Mailloux and transcript
31. Use of Force – Reporting Guidelines
32. Taser Guidelines
33. P.O.S.T. Learning Domains (relevant sections as identified by Roger Clark)

EXHIBIT 4:  DEFENDANTS' PROPOSED EXHIBIT LIST

A. Photographs and videotape of the scene where the initial contact with decedent occurred

B. Evidence technician diagrams of the scene where the initial contact with decedent occurred

C. Photographs and videotape of the scene where decedent was located by the canine unit

D. Shasta County Coroner's Office Toxicology Report, blood sample and diagram of injuries to decedent

E. Evidence technician diagrams of the scene where the decedent was located by the canine unit

F. Photographs and videotape of decedent at the scene and during autopsy

G. Photographs and videotape of Defendants Poletski, Garnero and Hebert

H. Photographs of the gas siphoning equipment located at the scene

I. Evidence Item 1014/7, the folding blade knife located at the scene

J. Evidence Item 1016/11, ACE bandage, and photographs of evidence item 1016/11 at the scene and during autopsy.

K. SHASCOM Radio Communication Records and recordings

L. Redding Police Department written policies regarding Use of Force and Use of Police K-9

M. Training records and certification for Police K-9 Cain

N. Training records for Defendants Poletski, Hebert, Garnero and Berg

O. Defendants reserve the right to use recorded statements and/or transcripts of recorded statements of witnesses for impeachment purposes, including the recorded statement of witnesses David Mailloux and Robert Goucher, Sharon Knifton and Kimberly Deen.